1IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES WOODS,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARLES RUSS; ARLENE PARCHMAN; DOUGLAS VANCE; JASON WALKER; DAVID HILBURN; SHANE PHELPS; WILLIAM TURNER; BRAZOS COUNTY, TEXAS; and JAMES SOSA;<br><br>    Defendants | Case No. 09-cv-2541 |

## FIRST AMENDED COMPLAINT

Now comes James Woods, the Plaintiff herein, and alleges and states the following on information and belief:

    1.    This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 insofar as the Plaintiffs brings claims against the Defendants under 42 U.S.C. §1983.

    2.    Venue is proper under 29 U.S.C. §1391(b) insofar as most of the Defendants reside or are located in the Houston Division of the U.S. District Court of the Southern District of Texas.

### Parties

    3.    Plaintiff James L. Woods is a resident of College Station, Texas. He is a licensed professional counselor ("LPC") and a licensed sex offender treatment provider ("LSOTP").

    4.    Defendant Charles Russ is an adult probation officer for Brazos County, Texas and a resident of Bryan, Texas.

    5.    Defendant Arlene Parchman is the director of the Brazos County Community

Supervision and Corrections Department and a resident of Bryan, Texas. She is Defendant Russ's supervisor.

6. Defendant Douglas Vance is the director of the Brazos County Department of Juvenile Services.

7. Defendant Jason Walker is an adult probation officer for Burleson County, Texas.

8. Defendant David Hilburn is an assistant district attorney for Brazos County and a resident of College Station, Texas.

9. Defendant Shane Phelps is the First Assistant District Attorney for Brazos County. He is a resident of College Station, Texas.

10. Defendant William Turner is the Brazos County District Attorney. He is a resident of Brazos County, Texas.

11. Defendant Brazos County, Texas is a political subdivision of the State of Texas.

12. Defendant James Sosa is a resident of Bryan, Texas. He was formerly employed by the Plaintiff.

**Facts**

13. Mr. Woods moved to Brazos County in 1998 to complete his doctorial studies in clinical family psychology. He became the Director of Clinical Services for The Desert Hills co-educational adolescent residential treatment center in College Station. In 1999, Mr. Woods was licensed as a professional counselor ("LPC") and as a licensed sex offender treatment provider ("LSOTP"), and he is licensed to provide supervision for counselors in training. Mr. Woods graduated from seminary in 1995 and was ordained to the ministry. He retired from law enforcement in 1997 with 22 years of service. He retired from the U.S. Army as a lieutenant colonel in 2002 with 26 years of commissioned service. He founded Central Texas Mental

Health, LLC and Central Texas Behavioral Health, Inc., a faith-based non-profit, to provide a comprehensive community resource in support of Brazos County Juvenile Services. Mr. Woods is a board-certified expert in traumatic stress, a diplomate of the American Academy of Experts in Traumatic Stress, a diplomate of the National Center for Crisis Management, a certified anger resolution therapist, a certified sex addiction therapist, and a family mediator.

14. The initiator and biggest source of Mr. Woods's troubles is a renegade Adult Probation officer. In 2002, Mr. Woods confronted Defendant Charles Russ and reported him to his supervisor, Defendant Arlene Parchman, for lying. Defendant Parchman later apologized for Defendant Russ's misconduct, but Defendant Russ has been retaliating against Mr. Woods ever since. Mr. Woods reported this to Defendant Parchman, but she did nothing to stop it. In a May 20, 2005 letter, Mr. Woods informed Defendant Parchman that Defendant Russ was refusing to provide the legislatively mandated documentation for risk assessments and had been telling probationers that they could not successfully complete probation if they chose Mr. Woods as their treatment provider. As a result of Defendant Russ's statements, Mr. Woods no longer receives any clients from Adult Probation, and Defendant Russ created a monopoly for another LSOTP in the community. Notwithstanding the letter, Defendant Parchman has failed to stop Defendant Russ's misconduct.

15. LSOTPs are, under Title 22, Chapter 810 of the Texas Administrative Code, specially trained to evaluate sex offenders and the risks they present to their communities. They are further trained to oversee these offenders and help minimize the risk of further offenses. Title 22, Texas Administrative Code Chapter 810 and Title 3, Occupation Code, Chapter 109 & 110, establish the procedures for the assessment and treatment of adult sex offenders and adolescents with sexual behavior problems. Brazos County does not comply with the foregoing

guidelines governing assessments, and Mr. Woods has long criticized County officials for failing to comply with the guidelines. This criticism has, at least in part, contributed to the Defendants' animus toward Mr. Woods. As a result of the County's failure to comply with the guidelines, its courts do not have adequate risk assessments to rely upon when sentencing adults and youth for incarceration and treatment. This leaves the citizens in this county at risk.

16. One case is particularly illustrative. Mr. Woods treated a male juvenile offender who was sentenced without a comprehensive risk assessment. The juvenile was referred to an inpatient treatment program and released to after-care treatment and two years probation. During treatment, the juvenile admitted to hundreds of incidents of sexual assaults over a nine year period, on male and female victims between the ages of three and five, and he further admitted he spends 50-60 percent of his waking hours fantasizing about raping children. None of this information was available to the court at sentencing because the Brazos County District Attorney's Office failed to order a pre-sentencing sex offender risk assessment that complied with state standards. Had the evaluation been done, the Court may have known the magnitude of the threat presented by this offender, and it could have sentenced him accordingly. Since 2003, Mr. Woods has variously criticized Brazos County's adult and juvenile probation departments and its district attorney's office for failing to request comprehensive pre-sentencing sex offender risk assessments that comply with Section 810.63 of the Texas Administrative Code and Chapter 109 of the Texas Occupations Code. The primary response has been retaliation directed toward Mr. Woods.

17. In early February of 2009, a convicted sex offender told Defendant Walker, a Burleson County probation officer, that he wished to use Mr. Woods as his treatment provider after his case was transferred to Brazos County. Defendant Walker told the offender that he

could not use Mr. Woods as his treatment provider. The offender's attorney, Shannon Flanigan, saw Defendant Russ in the Brazos County Courthouse, and Mr. Flanigan asked why the offender could not use Mr. Woods as his treatment provider. Defendant Russ told Mr. Flanigan it was because Mr. Woods was dishonest and unethical. Further discovery will reveal that Defendant Russ has been "poisoning the well" throughout the Brazos County Courthouse and among the local legal community, and even in surrounding counties. Mr. Woods no longer receives any referrals from probation departments or defense attorneys, even though he is one of only two LSOTPs in the area.

18.     On July 3, 2008, Mr. Woods terminated Defendant Sosa's employment with Central Texas Behavioral Health, Inc. for violating federal patient confidentiality regulations, among other things. Mr. Sosa had been serving as executive director. Defendant Sosa apparently decided to jump on Defendant Russ's bandwagon, because he quickly started spreading false rumors that Mr. Woods was dishonest and unethical.

19.     Mr. Woods's relationship with juvenile probation deteriorated significantly after Defendant Hillburn took over as the juvenile prosecutor for Brazos County in 2008. Mr. Woods met Defendant Hillburn for lunch and discussed the assessment and treatment guidelines and the need to establish a collaborative case management program for sex offenders, as set forth in the Texas Administrative Code. Defendant Hillburn told Mr. Woods that if he would not get a confession in the assessments they were of no use to him. Mr. Woods told Defendant Hillburn that the rules of his profession prohibited him from trying to obtain confessions from defendants. This terminated the meeting. Thereafter, juvenile probation stopped making referrals to Mr. Woods, and Mr. Woods was excluded from the local juvenile detention center – even from seeing his existing clients. Mr. Woods also has been informed that an e-mail was sent to all

juvenile probation staff stating that clients could no longer be referred to Mr. Woods.

20. During the week of February 23, 2009, Mr. Woods was scheduled to testify as an expert witness for the defense in a capital murder trial. The accused was a former client of Mr. Woods. Defense attorney William F. "Billy" Carter interviewed Mr. Woods extensively in preparation for trial and told him his testimony was absolutely essential to the defense. Mr. Carter further told him that if he (*i.e.*, Mr. Woods) was not qualified as an expert, he did not know who would be qualified. On the day of his scheduled testimony, however, Mr. Carter's office called Mr. Woods and told him he would not be called to testify. Later, Mr. Carter declined to explain the reason for omitting Mr. Woods's testimony, other than to say that Defendant Phelps, the prosecutor, did not think Mr. Woods was qualified to testify. Mr. Phelps subsequently confirmed that he told Mr. Carter that he did not believe Mr. Woods was qualified to testify. Further discovery will likely reveal that Mr. Phelps provided false and defamatory information about Mr. Woods. Mr. Phelps's false information can likely be traced back to Defendant Russ and/or Defendant Sosa.

21. On April 8, 2009, the undersigned sent a letter to Defendant Turner and Rod Anderson, the Brazos County Attorney, outlining many of the incidents set forth in this Complaint. Copies of the letter were sent to the Brazos County Commissioners Court, the local district judges, Defendant Parchman, and Defendant Vance. The letter asked to meet with these officials to try to put an end to the smear campaign, but the request was rejected. Since that time, Defendant Turner, Defendant Parchman, Defendant Vance, and the commissioners court have failed to prevent the ongoing campaign of retaliation against Mr. Woods.

## Claims

*Civil Conspiracy*

22. All of the foregoing paragraphs are incorporated herein by reference.

23. All the individual Defendants participated in a civil conspiracy and therefore are liable for the acts of one another.

*Civil Rights Act*

24. All previous paragraphs are incorporated herein by reference.

25. Defendants Russ, Walker, Vance, Hilburn, and Phelps violated the First Amendment rights of the Plaintiff by retaliating against him for speaking on a matter of public concern and by retaliating against him for petitioning for redress of grievances. These Defendants further violated his rights to due process and equal protection. Accordingly, they are liable under 42 U.S.C. §1983.

26. Defendants Parchman, Turner, and Brazos County are liable under 42 U.S.C. §1983 because they failed to supervise Defendants Russ, Vance, Hilburn, and/or Phelps.

*Tortious Interference*

27. All previous paragraphs are incorporated herein by reference.

28. Defendants Russ, Walker, Vance, Hilburn, Phelps, and Sosa tortiously interfered with the business relationships of the Plaintiff.

*Slander*

29. All previous paragraphs are incorporated herein by reference.

30. Defendants Russ, Vance, Hilburn, Phelps, and Sosa slandered the Plaintiff.

## Prayer for Relief

Wherefore, the Plaintiffs request that this Court:

  a. Award compensatory damages against the Defendants;

  b. Award punitive damages against the Defendants;

  c. Award costs of this action to the Plaintiff;

  d. Award reasonable attorney fees and costs to the Plaintiff;

  e. Award all other relief to which the Plaintiff is entitled.

             Respectfully submitted,

             **/s/ Ty Clevenger**
             Ty Clevenger
             SDTX Bar No. 727184
             3131 E. 29th St. Bldg D, Ste 200
             Bryan, Texas 77802
             Phone: (979) 985-5289
             Fax: (979) 530-9523

             ATTORNEY FOR PLAINTIFF

JURY TRIAL DEMANDED